DAVID B. WALKER                                                      PLAINTIFF

V.                                              CIVIL ACTION NO.1:16CV-221-GHD-DAS

JEFFREY SUGGS                                                      DEFENDANTS

## ORDER GRANTING MOTION TO EXTEND CMO DEADLINES

The plaintiff has moved to extend the case management deadlines to allow a late designation of his experts.  The defendant objects to the extension of time. The plaintiff's designation of experts was due on June 1, 2017. When no designation was received, defense counsel inquired as to whether the plaintiff intended to designate experts.   In a series of communications over the next few weeks, counsel for the plaintiff assured the defendant that the plaintiff would not be calling any expert witnesses, and specifically would not be calling any of the plaintiff's treating physicians.   Shortly after the defendant's time for designating experts had expired, the plaintiff reversed course and filed the present motion to extend case management deadlines to allow him to designate experts to testify to anticipated future medical expense and surgery.   During the pendency of the motion, the plaintiff has served his designation of experts.

While the issue is presented in a motion to amend the case management deadlines, the question before the court is whether the plaintiff's proposed expert testimony should be excluded for the failure to serve at timely designation.   Therefore, the court has considered the four factors set forth in *Hamburger v. State Farm Mutual Auto. Ins.*, 361 F.3d 875, 883 (5th Cir. 2004), for weighing a motion to strike an expert designation.   The court has considered (1) the explanation for the failure to timely designate the witness; (2) the importance of the testimony; (3) the

potential prejudice to the defendant; and (4) the availability of a continuance to cure the prejudice.

The plaintiff's purported explanation for failing to timely designate his expert strongly favors exclusion. Counsel claims that a miscommunication with his Florida co-counsel caused the failure to timely designate. Apparently local counsel, who is the only counsel of record, decided against calling any expert. In the face of the Florida attorney's decision to the contrary, he then sought leave to file a late designation. Any discussions on the subject of and the decision about expert witnesses should have occurred well before the deadline.

As to the second factor, there seems little doubt that the testimony is of critical value to the plaintiff's case. Future medical expense could have a substantial impact on the valuation of the case. If the testimony is excluded, the plaintiff may not be able to obtain full compensation for his injuries in a case where liability for the accident has been confessed by the defendant. This factor weighs strongly in favor of allowing the time and accepting the late designation.

While the defendant opposes the plaintiff's motion, he does not make any claim that he will be materially prejudiced. He will have to consider the prospect of hiring an expert and potentially incurring the expense for an expert, but the same consequences would occur with a timely designation and therefore there is no undue or material prejudice. This factor also favors excusing the default by plaintiff.

Finally the court has considered the availability of a continuance to cure the prejudice. Other facts pertinent to the court's decision on this factor include the age of the case (filed in December, 2016); that there have been no earlier extensions of the CMO; and that trial is not set until April 9, 2018. In this case, there is time to allow the plaintiff to correct the mistake without necessity of a trial continuance. This factor favors allowing the late designation.

The court wishes to stress that attorneys disregard the case management deadlines at their substantial peril. Even if a continuance of the trial is not necessary for the allowance of a "do-over," the court need not and frequently will not rewrite the deadlines, once expired. But in this case both because of the importance of the testimony and the lack of prejudice to the defense, the court grants the plaintiff's motion.

IT IS ORDERED that the motion to amend the case management order to allow the plaintiff's late designation of expert(s) is granted. The plaintiff's designation of experts served on August 1, 2017 is accepted as timely. The deadlines in this matter are reset as follows:

1. The defendant shall serve his designation of experts on or before September 18, 2017.

3. The parties shall complete discovery on or before October 30, 2017.

4. The parties shall file all motions, including *Daubert* motions November 13, 2017.

SO ORDERED this the 17th day of August, 2017.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE